IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA



FILED
SEP 25 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 19-304 |
| v. | ) | |
| | ) | [UNDER SEAL] |
| ALEKSEJS TROFIMOVICS | ) | |
| a/k/a Aleksejs Trofimovich | ) | |
| a/k/a Alexey Trofimovich | ) | |
| a/k/a Aleko Stoyanov Angelov | ) | |
| RUSLANS NIKITENKO | ) | |
| a/k/a Krzysztof Wojciech Lewko | ) | |
| a/k/a Milen Nikolchev Nikolov | ) | |
| a/k/a Rafal Zimnoch | ) | |
| ARTURS ZAHAREVICS | ) | |
| a/k/a Piotr Ginelli | ) | |
| a/k/a Arkadiusz Szuberski | ) | |
| DENISS RUSECKIS | ) | |
| a/k/a Denis Rusetsky | ) | |
| a/k/a Sevdelin Sevdalinov Atanasov | ) | |
| DEINIS GORENKO | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Charles A. Eberle, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to commit money laundering. 2016 - September 2019 | 18 U.S.C. § 1956(h) | ALL DEFENDANTS |

## II. ELEMENTS OF THE OFFENSE

A.  As to Count 1:

In order for the crime of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998);
> 18 U.S.C. § 1956(h).

2. That the defendant knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998);
> 18 U.S.C. § 1956(h).

3. That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998);
> 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

## III. PENALTIES

A.  **As to Count 1: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):**

1. A term of imprisonment of not more than twenty (20) years;

2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

3. If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV. <u>MANDATORY SPECIAL ASSESSMENT</u>

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. <u>FORFEITURE</u>

The Indictment contains a Forfeiture Allegation.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Charles A. Eberle*
CHARLES A. EBERLE
Assistant U.S. Attorney
PA ID No. 80782

3