IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA



FILED

SEP 2 5 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. *19-304* |
| | ) | (18 U.S.C. § 1956(h)) |
| ALEKSEJS TROFIMOVICS | ) | **[UNDER SEAL]** |
| a/k/a Aleksejs Trofimovich | ) | |
| a/k/a Alexey Trofimovich | ) | |
| a/k/a Aleko Stoyanov Angelov | ) | |
| | ) | |
| RUSLANS NIKITENKO | ) | |
| a/k/a Krzysztof Wojciech Lewko | ) | |
| a/k/a Milen Nikolchev Nikolov | ) | |
| a/k/a Rafal Zimnoch | ) | |
| | ) | |
| ARTURS ZAHAREVICS | ) | |
| a/k/a Piotr Ginelli | ) | |
| a/k/a Arkadiusz Szuberski | ) | |
| | ) | |
| DENISS RUSECKIS | ) | |
| a/k/a Denis Rusetsky | ) | |
| a/k/a Sevdelin Sevdalinov Atanasov | ) | |
| | ) | |
| DEINIS GORENKO | ) | |

## INDICTMENT

The grand jury charges:

### COUNT ONE
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

#### Introduction

At all times material to this Indictment, unless otherwise alleged:

1.     The Defendants, and co-conspirators known and unknown to the grand jury, were

members of a transnational organized crime network known as "QQAAZZ."  QQAAZZ

provided money laundering services to significant cybercriminal organizations that stole, and

attempted to steal, money from unwitting U.S. and foreign victims.

2.      Specifically, the Defendants and their co-conspirators (sometimes collectively referred to herein as "QQAAZZ members") opened and maintained hundreds of bank accounts at financial institutions in numerous countries throughout the world.  QQAAZZ utilized the bank accounts to receive and launder money stolen by cybercriminals from victims and their respective financial institutions, including in the Western District of Pennsylvania.

3.      The U.S. financial institutions referenced herein that were victims of fraud were insured by the Federal Deposit Insurance Corporation or chartered by the United States.

4.      PNC Bank ("PNC") was a financial institution insured by the Federal Deposit Insurance Corporation.  PNC was headquartered in Pittsburgh, Pennsylvania, in the Western District of Pennsylvania.  It offered online banking services, including the means to conduct electronic funds transfers, through computer servers located in the Western District of Pennsylvania.

5.      QQAAZZ was comprised of members from multiple countries, including Georgia, Latvia, and Bulgaria.

6.      From in and around 2016, and continuing thereafter to in and around September 2019, ALEKSEJS TROFIMOVICS, a/k/a Aleksejs Trofimovich, a/k/a Alexey Trofimovich, a/k/a Aleko Stoyanov Angelov, RUSLANS NIKITENKO, a/k/a Krzysztof Wojciech Lewko, a/k/a Milen Nikolchev Nikolov, a/k/a Rafal Zimnoch, ARTURS ZAHAREVICS, a/k/a Piotr Ginelli, a/k/a Arkadiusz Szuberski, DENISS RUSECKIS, a/k/a Denis Rusetsky, a/k/a Sevdelin Sevdalinov Atanasov, DEINIS GORENKO, and others both known and unknown to the grand jury, were members of QQAAZZ.

**The Defendants**

7.     ALEKSEJS TROFIMOVICS, a/k/a Aleksejs Trofimovich, a/k/a Alexey Trofimovich, a/k/a Aleko Stoyanov Angelov, was a citizen of Latvia.  He was originally from the town of Kraslava, Latvia.  A photograph of TROFIMOVICS is attached as **EXHIBIT A**.

8.     RUSLANS NIKITENKO, a/k/a Krzysztof Wojciech Lewko, a/k/a Milen Nikolchev Nikolov, a/k/a Rafal Zimnoch, maintained a Latvian alien passport.  A photograph of NIKITENKO is attached as **EXHIBIT B**.

9.     ARTURS ZAHAREVICS, a/k/a Piotr Ginelli, a/k/a Arkadiusz Szuberski, was a citizen of Latvia.  He was originally from the town of Kraslava, Latvia.  A photograph of ZAHAREVICS is attached as **EXHIBIT C**.

10.     DENISS RUSECKIS, a/k/a Denis Rusetsky, a/k/a Sevdelin Sevdalinov Atanasov, was a citizen of Latvia.  He was originally from the town of Kraslava, Latvia.  A photograph of RUSECKIS is attached as **EXHIBIT D**.

11.     DEINIS GORENKO was a citizen of Latvia.  He was originally from the town of Kraslava, Latvia.  A photograph of GORENKO is attached as **EXHIBIT E**.

**Statutory Allegations**

12.     The allegations contained in Paragraphs 1 through 11 of this Indictment are repeated, re-alleged, and incorporated by reference as if fully set forth herein.

13.     From in and around 2016, and continuing thereafter to in and around September 2019, in the Western District of Pennsylvania and elsewhere, the defendants, ALEKSEJS TROFIMOVICS, a/k/a Aleksejs Trofimovich, a/k/a Alexey Trofimovich, a/k/a Aleko Stoyanov Angelov, RUSLANS NIKITENKO, a/k/a Krzysztof Wojciech Lewko, a/k/a Milen Nikolchev Nikolov, a/k/a Rafal Zimnoch, ARTURS ZAHAREVICS, a/k/a Piotr Ginelli, a/k/a Arkadiusz Szuberski, DENISS RUSECKIS, a/k/a Denis Rusetsky, a/k/a Sevdelin Sevdalinov Atanasov,

DEINIS GORENKO, did knowingly and intentionally conspire and agree with other persons known and unknown to the grand jury, to commit money laundering in violation of Title 18, United States Code, Sections 1956, that is:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, involving the proceeds of specified unlawful activity, namely, computer fraud, in violation of Title 18, United States Code, Section 1030, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    b. to knowingly transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represent the proceeds of some form of unlawful activity, namely, computer fraud, in violation of Title 18, United States Code, Section 1030, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344,  and knowing that such transportation, transmission, and transfer was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to the provisions of Title 18, United States Code, Section 1956(a)(2)(B)(i).

### Manner and Means of the Conspiracy

14.     During all times relevant to the Indictment, the manner and means used to accomplish the conspiracy included the following:

### QQAAZZ's Cash-out and Money Laundering Service

15.     Defendants opened and maintained bank accounts at financial institutions around the world to receive, launder and withdraw money stolen by cybercriminals from unwitting U.S. and foreign victims in exchange for fee.

4

16.     QQAAZZ's service generally operated in the following manner:  (1) a cybercriminal with unauthorized access to a victim's bank account contacted QQAAZZ via a secure instant messaging platform seeking a recipient bank account to which the cybercriminal could send the victim's stolen funds via electronic funds transfer; (2) QQAAZZ provided the cybercriminal with the details of the specific bank account designated to receive the stolen funds; (3) the cybercriminal initiated, or attempted to initiate, an electronic funds transfer from the victim's bank account to the recipient account provided and controlled by QQAAZZ; (4) QQAAZZ received the stolen funds in its recipient bank account; (5) QQAAZZ either withdrew (i.e., "cashed-out") the funds or sent the funds to other QQAAZZ-controlled bank accounts for withdrawal; (6) QQAAZZ returned the stolen funds to the cybercriminal minus QQAAZZ's fee, which was typically between 40 to 50 percent of the total amount of stolen funds.  Because QQAAZZ provided its services to numerous sophisticated cybercriminal organizations, it was able to facilitate the theft of millions of dollars from victims in the United States and throughout the world.

17.     QQAAZZ advertised its cash-out and money laundering services on elite, Russian-speaking online cybercriminal forums, such as Mazafaka and Verified.  In one recent post QQAAZZ advertised, "a global, complicit bank drops service."

18.     To communicate online via instant messaging with the cybercriminals who utilized their money laundering service, QQAAZZ utilized numerous online monikers including, but not limited to, "qqaazz," "globalqqaazz," "markdevido," "richrich," "donaldtrump55," "manuel," "krakadil," "kalilinux," "ritchie," "totala," and "totala22."

19.     To facilitate its money laundering service, QQAAZZ members opened and maintained beneficiary bank accounts at financial institutions in numerous countries, including

Portugal, Spain, Germany, Bulgaria, Italy, Turkey, Greece, United Kingdom, and the
Netherlands, among others.

Incorporating Shell Companies to Open Beneficiary Corporate Bank Accounts

20.     QQAAZZ members incorporated dozens of shell companies that conducted no
legitimate business activity, including but not limited to:  Aktrofi Services LDA; Cardinal
Gradual Real Estate Unipessoal LDA; Colossal Devotion LDA; Flamingocloud LDA;
Privelegioasis LDA; and Selbevulte LDA.

21.     QQAAZZ members opened corporate bank accounts in the names of shell
companies at numerous financial institutions for the sole purpose of using the accounts to receive
stolen funds from victims.

22.     QQAAZZ members incorporated shell companies and opened corporate bank
accounts using their true identities as well as fraudulent identities.

23.     QQAAZZ members created fraudulent identification documents, including
identification cards and passports, which were used to incorporate shell companies and open
bank accounts in the names of those shell companies.

24.     QQAAZZ members created and utilized fraudulent identification documents,
including identification cards and passports, in which the photograph of a QQAAZZ member
was used on several identification documents in the names of different individuals.  This enabled
QQAAZZ members to utilize multiple identifications or aliases at once.

25.     QQAAZZ members reserved and purchased travel arrangements for other
members to travel to the many countries in which QQAAZZ members opened and maintained
bank accounts.

26.     ALEKSEJS TROFIMOVICS incorporated Aktrofi Services LDA, a QQAAZZ shell company, in Portugal.  TROFIMOVICS was listed as the sole owner of Aktrofi Services LDA.  The business address was listed as Rua Fontainhas Sao Lourenco 26 4, Lisbon, Portugal.

27.     ALEKSEJS TROFIMOVICS opened bank accounts in the name of Aktrofi Services LDA at thirteen (13) banks in Portugal, including the following accounts (listed in the table in paragraph 39 below) that were the recipients, and intended recipients, of funds stolen from U.S. victims:

        a.   Account ending 8205 at Banco Comercial Portugues;

        b.   Account ending 4628 at Bankinter S.A.; and,

        c.   Account ending 1884 at Best-Banco Electronico de Servico Total S.A.

28.     RUSLANS NIKITENKO incorporated Privilegioasis LDA, a QQAAZZ shell company, in Portugal using a fraudulent Bulgarian passport in the name of Milen Nikolchev Nikolov.  The business address was listed as Rua Dom Joao V 24 1 03, Lisbon, Portugal.  On January 12, 2019, Portuguese officials found NIKITENKO in possession of the fraudulent Bulgarian identification document in the name of Milen Nikolchev Nikolov.

29.     RUSLANS NIKITENKO opened bank accounts in the name of Privilegioasis LDA at twelve (12) banks in Portugal, including the following account (listed in the table in paragraph 39 below) that was the recipient, and intended recipient, of funds stolen from U.S. victims:

        a.   Account ending 0343 at Bankinter S.A.;

30.     RUSLANS NIKITENKO incorporated Selbevulte LDA, a QQAAZZ shell company, using a fraudulent Polish identification document in the name of Krzysztof Wojciech Lewko.  The business address was listed as Praca Mouzinho de Albuquerque, 113 5, Porto, Portugal.

31.    RUSLANS NIKITENKO opened bank accounts in the name of Selbevulte LDA at eleven (11) banks in Portugal, including the following accounts (listed in the table in paragraph 39 below) that were the recipients, and intended recipients, of funds stolen from U.S. victims:

      a.   Account ending 3596 at Caixa Economica Montepio Geral; and,

      b.   Account ending 0175 at Banco BPI S.A.

32.    RUSLANS NIKITENKO incorporated Colossal Devotion LDA, a QQAAZZ shell company, using a fraudulent Polish identification document in the name of Rafal Zimnoch. The business address was listed as Rua Daciano Baptista Marques-Lake Towers-Edificio D, 245, 2, Vila Nova de Gaia, Porto, Portugal.

33.    RUSLANS NIKITENKO opened bank accounts in the name of Colossal Devotion LDA at nine (9) banks in Portugal, including the following account (listed in the table in paragraph 39 below) that was the recipient, and intended recipient, of funds stolen from U.S. victims:

      a.   Account ending 9543 at Caixa Economica Montepio Geral

34.    ARTURS ZAHAREVICS incorporated Cardinal Gradual Real Estate Unipessoal LDA, a QQAAZZ shell company, using a fraudulent Polish identification document in the name of Piotr Ginelli.  The business address was listed as Avenida da Liberdade, Numero 110, 1, Lisbon, Portugal 1269-046.

35.    ARTURS ZAHAREVICS opened bank accounts in the name of Cardinal Gradual Real Estate Unipessoal LDA at ten (10) banks in Portugal, including the following account (listed in the table in paragraph 39 below) that was the recipient, and intended recipient, of funds stolen from U.S. victims:

      a.   Account ending 3078 at Caixa Geral de Depositos

36.   DENISS RUSECKIS incorporated Flamingocloud LDA, a QQAAZZ shell company.  The business address was listed as Praca Mouzinho de Albuquerque 113 5, Porto, Portugal.  This was the same address at which RUSLANS NIKITENKO incorporated Selbevulte LDA, a QQAAZZ shell company, using a fraudulent Polish identification document in the name of Krzysztof Wojciech Lewko.

37.   DENISS RUSECKIS opened bank accounts in the name of Flamingocloud LDA at thirteen (13) banks in Portugal, including the following accounts (listed in the table in paragraph 39 below) that were the recipients, and intended recipients, of funds stolen from U.S. victims:

      a.   Account ending 3197 at Caixa Economica Montepio Geral; and,

      b.   Account ending 1304 at Bankinter S.A.

38.   DEINIS GORENKO opened bank accounts in Portugal at Banco Activobank and Banco CTT, among others, including the following accounts (listed in the table in paragraph 39 below) that were the recipients, and intended recipients, of funds stolen from U.S. victims:

      a.   Account ending 9194 at Banco Activobank S.A.; and,

      b.   Account ending 2490 at Banco CTT S.A.

Fraudulent Transactions Involving U.S. Victims

39.   The following table sets forth examples of the stolen funds from U.S. victims that were transferred, or attempted to be transferred, to QQAAZZ beneficiary bank accounts opened and maintained by the defendants:

| Date: | Victim: | Victim Bank: | Attempted Loss: | Actual Loss: | Beneficiary Bank Account: |
|---|---|---|---|---|---|
| 3/7/17 | PMS | Schwab | $75,000.00 | $44.30 | Banco Comercial Portugues Account ending 8205 Aktrofi Services LDA |
| 9/20/17 | JBK | BOA | $84,900.00 | $0.00 | Bankinter S.A. Account ending 4628 Aktrofi Services LDA |
| 10/26/17 | CYL | JP Morgan Chase | $98,780.00 | $0.00 | Bankinter S.A. Account ending 0343 |

| | | | | | Privelegioasis LDA |
|---|---|---|---|---|---|
| 11/29/17 | A&DG | American Express | $121,360.00 | $64,082.69 | Caixa Economica Montepio Geral Account ending 3596 Selbevulte LDA |
| 11/30/17 | HSW&MS | BB&T | $72,000.00 | $0.00 | Bankinter S.A. Account ending 0343 Privelegioasis LDA |
| 3/8/18 | LC | USAA | $29,500.00 | $29,500.00 | Caixa Economica Montepio Geral Account ending 3197 Flamingocloud LDA |
| 3/8/18 | LC | USAA | $29,500.00 | $0.00 | Caixa Economica Montepio Geral Account ending 9543 Colossal Devotion LDA |
| 3/21/18 | M US | BOA | $49,000.00 | $0.00 | Caixa Economica Montepio Geral Account ending 9543 Colossal Devotion LDA |
| 4/10/18 | PES | JP Morgan Chase | $59,426.28 | $0.00 | Caixa Geral de Depositos Account ending 3078 Cardinal Gradual LDA |
| 4/10/18 | WES | JP Morgan Chase | $59,426.28 | $0.00 | Caixa Geral de Depositos Account ending 3078 Cardinal Gradual LDA |
| 4/10/18 | CDW | JP Morgan Chase | $59,426.28 | $0.00 | Caixa Geral de Depositos Account ending 3078 Cardinal Gradual LDA |
| 8/30/18 | YC | PNC (Western District of PA) | $99,693.36 | $0.00 | Banco BPI S.A. Account ending 0175 Selbevulte LDA |
| 11/14/18 | GSSS | BOA | $56,202.25 | $56,202.25 | Best-Banco Electronico de Servico Total S.A. Account ending 1884 Aktrofi Services LDA |
| 11/14/18 | GSSS | BOA | $112,921.23 | $112,921.23 | Banco Activobank S.A. Account ending 9194 Deinis Gorenko |
| 11/14/18 | GSSS | BOA | $45,830.77 | $45,830.77 | Banco CTT S.A. Account ending 2490 Deinis Gorenko |
| 12/6/18 | KM | JP Morgan Chase | $114,652.61 | $114,652.61 | Bankinter S.A. Account ending 1304 Flamingocloud LDA |

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

40.    The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, ALEKSEJS TROFIMOVICS, a/k/a Aleksejs Trofimovich, a/k/a Alexey Trofimovich, a/k/a Aleko Stoyanov Angelov, RUSLANS NIKITENKO, a/k/a Krzysztof Wojciech Lewko, a/k/a Milen Nikolchev Nikolov, a/k/a Rafal Zimnoch, ARTURS ZAHAREVICS, a/k/a Piotr Ginelli, a/k/a Arkadiusz Szuberski, DENISS RUSECKIS, a/k/a Denis Rusetsky, a/k/a Sevdelin Sevdalinov Atanasov, DEINIS GORENKO, have an interest.

41.    As a result of committing the money laundering offense alleged in Count One of this Indictment, the defendants, ALEKSEJS TROFIMOVICS, a/k/a Aleksejs Trofimovich, a/k/a Alexey Trofimovich, a/k/a Aleko Stoyanov Angelov, RUSLANS NIKITENKO, a/k/a Krzysztof Wojciech Lewko, a/k/a Milen Nikolchev Nikolov, a/k/a Rafal Zimnoch, ARTURS ZAHAREVICS, a/k/a Piotr Ginelli, a/k/a Arkadiusz Szuberski, DENISS RUSECKIS, a/k/a Denis Rusetsky, a/k/a Sevdelin Sevdalinov Atanasov, DEINIS GORENKO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property.

### Money Judgment

42.    The United States will seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in this offense, and any property traceable to such property.

### Substitute Assets

43.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

All pursuant to Title 18, United States Code, Section 982(a)(1).


A True Bill,


FOREPERSON


SCOTT W. BRADY
United States Attorney
PA ID No. 88352


12

# Exhibit A



## ALEKSEJS TROFIMOVICS
*also known as* Aleksejs Trofimovich,
Alexey Trofimovich and Aleko Stoyanov Angelov

# Exhibit B



## RUSLANS NIKITENKO

*also known as* Krzysztof Wojciech Lewko,
Milen Nikolchev Nikolov and Rafal Zimnoch

# Exhibit C



## ARTURS ZAHAREVICS

*also known as* Piotr Ginelli and
Arkadiusz Szuberski

# Exhibit D



## DENISS RUSECKIS
*also known as* Denis Rusetsky and
Sevdelin Sevdalinov Atanasov

# Exhibit E



DEINIS GORENKO